IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02267-BNB

JOHNNY BRETT GREGORY,

    Applicant,

v.

DEBORAH DENHAM, Warden,

    Respondent.

## ORDER

This matter is before the Court on the "Ex Parte Motion to 'Void' Magistrate Judge Boyd N. Boland's Order of August 18, 2014 Pursuant 28 U.S.C. § 636(b)(1)(A)" (ECF No. 9) and "Ex Party [sic] Claim of Judicial Bias by Magistrate Judge Boyd N. Boland" (ECF No. 8). The motions were filed *pro se* by Applicant, Johnny Brett Gregory, on August 27, 2014. The Court construes the motions as objections to the referenced order. For the reasons discussed below, the objections will be overruled.

Mr. Gregory initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) challenging the validity of his conviction and sentence in the United States District Court for the District of Georgia Case No. 06-cr-00010-RLV-WEJ. On August 18, 2014, Magistrate Judge Boyd N. Boland entered an order (ECF No. 5) directing Mr. Gregory to respond and show cause why the action should not be dismissed because he has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the sentencing court. Mr. Gregory objects to

Magistrate Judge Boland's order for two reasons. He contends that Magistrate Judge Boland "did not use the law/rules governing this action pursuant to 28 U.S.C. § 2243 (Issuance of Writ)." He argues that Magistrate Judge Boland could only "issue an order directing the respondent to show cause why the writ should not be granted" and could not order "the applicant [Johnny Brett Gregory] to show cause." He also contends that Magistrate Judge Boland ordered Mr. Gregory to show cause because Mr. Gregory is black and Magistrate Jude Boland is biased against him.

Pursuant to 28 U.S.C. § 636(b)(1)(A) a judge may reconsider any pretrial matter designated to a magistrate judge to hear and determine where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. The Court has reviewed the file and finds that Magistrate Judge Boland's order directing Mr. Gregory to respond and show cause why the action should not be dismissed is not clearly erroneous or contrary to law.

First, the local civil rules for the District of Colorado authorize a magistrate judge to review prisoner pleadings to determine whether the pleadings should be dismissed summarily and to request additional facts or documentary evidence necessary to make this determination. *See* D.C.COLO.LCivR 8.1(b). Moreover, when a federal prisoner fails to establish that he has satisfied § 2255(e)'s savings clause test—thus, precluding him from proceeding under § 2241—the court lacks statutory jurisdiction to hear his habeas claims. *See* U.S.C. § 2255(e) ("An application for a writ of habeas corpus . . . *shall not be entertained* . . .unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.") (emphasis added). Thus, the Court may raise sua sponte the question of whether this case falls within the Court's

statutory jurisdiction.  Finally, Mr. Gregory's argument that Magistrate Judge Boland failed to follow 28 U.S.C. § 2243 is without merit.  The United States Supreme Court has noted that "Congress has provided that once a petition for a writ of habeas corpus is filed, *unless the court is of the opinion that the petitioner is not entitled to an order to show cause*, . . . an order to show cause must be issued."  *Harris v. Nelson,* 394 U.S. 286, 298-99 (1969) (emphasis added); *see also Kilgore v. Attorney Gen. Of Colorado,* 519 F.3d 1084, 1087 (10th Cir. 2008) (acknowledging that the AEDPA provides for preliminary judicial screening of habeas petitions); *Thompson v. True,* 156 F.3d 1244 (10th Cir. 1998) (rejecting prisoner's argument on appeal that district court ignored supposed mandate of 28 U.S.C. § 2243 that orders to show cause issue to respondents in all habeas actions because § 2243 provides that a court must issue an order to show cause "unless it appears from the application that the applicant or person detained is not entitled thereto").  Therefore, Mr. Gregory's first objection will be overruled.

As part of his second objection, Mr. Gregory alleges judicial bias against Magistrate Judge Boland because Magistrate Judge Boland allegedly treated Mr. Gregory "significantly differently" from other federal prisoners who had filed § 2241 applications.  Specifically, Mr. Gregory contends that Magistrate Judge Boland entered orders directing respondents to file preliminary responses in § 2241 actions involving white federal prisoners but ordered Mr. Gregory to show cause why his application should not be dismissed because he is black.  As noted above, Magistrate Judge Boland's order to show cause was not clearly erroneous or contrary to law.  Therefore, Mr. Gregory's allegations fail to demonstrate judicial bias and his second objection will be overruled.  Accordingly, it is

ORDERED that the "Ex Parte Motion to 'Void' Magistrate Judge Boyd N. Boland's Order of August 18, 2014 Pursuant 28 U.S.C. § 636(b)(1)(A)" (ECF No. 9) and "Ex Party Claim of Judicial Bias by Magistrate Judge Boyd N. Boland" (ECF No. 8) are denied and Applicant's objections are overruled.

DATED at Denver, Colorado, this   29th   day of   August  , 2014.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court