IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02267-BNB

JOHNNY BRETT GREGORY,

    Applicant,

v.

DEBORAH DENHAM, Warden,

    Respondent.

## ORDER OF DISMISSAL

Applicant, Johnny Brett Gregory, is a prisoner in the custody of the Federal Bureau of Prisons at the Federal Correctional Institution Englewood in Littleton, Colorado. Mr. Gregory initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1) challenging the validity of his criminal conviction for possession with intent to distribute methamphetamine and possession of a firearm in furtherance of a drug trafficking offense in the United States District Court for the Northern District of Georgia Case No. 06-cr-00010-RLV-WEJ. On August 18, 2014, Magistrate Judge Boyd N. Boland entered an order (ECF No. 5) directing Mr. Gregory to show cause why the Application should not be denied because he has an adequate and effective remedy available to him pursuant to 28 U.S.C. § 2255 in the sentencing court. On August 22, 2014, Mr. Gregory submitted his response titled "Applicant's Motion to Show Cause" (ECF No. 7). On August 27, 2014, Mr. Gregory submitted another document titled "Ex Parte Motion for 'Jurisdictional Challenge'" (ECF

No. 10) that also appears to have been filed in response to the Court's order to show cause.

The Court must construe liberally the Application and other documents filed by Mr. Gregory because he is not represented by an attorney. *See Haines v. Kerner,* 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act as an advocate for a *pro se* litigant. *See Hall,* 935 F.2d at 1110. For the reasons stated below, the Court will deny the Application and dismiss the action.

In the Application, Mr. Gregory asserts three claims for relief. He alleges in claim one that the sentencing court lacked subject matter jurisdiction. In claim two, Mr. Gregory alleges that the "government never had possession of the handgun [ ] in question to legally obtain a federal criminal indictment" and that he is "actually innocent of the alleged gun crime." Finally, Mr. Gregory alleges in claim three that the sentencing court "exceeded the scope of its judicial authority in criminal indictment."

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity" and "[a] 28 U.S.C. § 2255 petition attacks the legality of detention." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). A habeas corpus petition pursuant to § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). Instead, "[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that

provided for in 28 U.S.C. § 2255." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965); *see* 28 U.S.C. § 2255(e).

Although Mr. Gregory insists he is "only challenging the execution" of his conviction and sentence, it is clear that his claims in fact challenge the validity of his federal conviction and sentence. Therefore, those claims must be raised in the Northern District of Georgia in a motion pursuant to § 2255 unless that remedy is inadequate or ineffective. Mr. Gregory bears the burden of demonstrating that the remedy available pursuant to § 2255 is inadequate or ineffective. *See Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011). This burden is not easily satisfied because "[o]nly in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or the sentence imposed." *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010); *see also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (noting that the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances"). The test for determining whether the remedy provided in the sentencing court pursuant to § 2255 is inadequate or ineffective is whether Mr. Gregory's claims could have been raised in an initial § 2255 motion. *See Prost*, 636 F.3d at 584. "If the answer is yes, then the petitioner may not resort to the savings clause [in § 2255(e)] and § 2241." *Id.* The remedy available pursuant to § 2255 may be inadequate or ineffective if the sentencing court has been abolished, refuses to consider the § 2255 motion, inordinately delays consideration of the § 2255 motion, or is unable to grant complete relief. *See Caravalho,* 177 F.3d at 1178. Another circumstance where the remedy in a § 2255 motion may be inadequate and ineffective is where the gate-keeping language of § 2255 bars retroactive application of

a Supreme Court case that does not state a new rule of constitutional law but demonstrates an applicant is actually innocent. *United States v. Apodaca,* 90 F. App'x 300, 303 n.8 (10th Cir. Jan. 30, 2004) (unpublished) (citing *Reyes–Requena v. United States,* 243 F.3d 893, 902 n.20 (5th Cir. 2001) (allowing a habeas corpus application pursuant to § 2241 on a showing of actual innocence)). The Tenth Circuit, however, has explicitly declined to adopt the *Reyes–Requena* test. *See Prost,* 636 F.3d at 593–94. Furthermore, both the erroneous circuit foreclosure test, *see In re Davenport,* 147 F.3d 605, 610 (7th Cir. 1998), and a novel argument for relief, are rejected by the Tenth Circuit as a way to invoke the savings clause and proceed to § 2241. *Prost,* 636 F.3d at 593–94.

In his response to the Order to Show Cause, Mr. Gregory argues that the remedy available in the sentencing court pursuant to § 2255 is inadequate or ineffective because "the 9mm handgun, SN-SZ005675, was the main element in the criminal indictment, but has <u>never</u> <u>never</u> been in the Governments custody, which lead to the final invalid judgment. Thus, for the government prosecutors, in the state of Georgia to legally support any violated federal gun statute against Mr. Gregory . . . as claimed by the government in Criminal Case No.: 4:06-cr-010-RLV-WEJ-1, cannot be supported in Gregory's plea, which was not knowingly and intelligently entered, the plea lacked a factual basis similar as in 'stare decisis.'" (ECF No. 7 at 2). Mr. Gregory further asserts that he did not discover the facts concerning the custody of 9mm handgun until April 14, 2010, which was after his guilty plea and after his first § 2255 motion. (*Id.* at 3). Mr. Gregory also asserts that he is "actually innocent." (*Id.* at 4). Finally, Mr. Gregory asserts that, in the alternative, he seeks relief under a writ of error coram nobis because

4

he is innocent and he does not have any other effective opportunity to raise this claim. (*Id.*; ECF No. 10).

"[T]he mere fact that [Mr. Gregory] is precluded from filing a second § 2255 petition does not establish that the remedy in § 2255 is inadequate." *See Caravalho*, 177 F.3d at 1179. "[A] prisoner can proceed to § 2241 only if his initial § 2255 motion was itself inadequate or ineffective to the task of providing the [applicant] with a chance to test his sentence or conviction." *Prost,* 636 F .3d at 587. Further, the fact that Mr. Gregory is barred from raising his claims in a second or successive § 2255 motion, by itself, also does not demonstrate that the remedy provided in § 2255 is inadequate or ineffective. *See Caravalho,* 177 F.3d at 1179. In addition, § 2255(h)(1) contemplates that newly discovered evidence may be the basis for a second or successive § 2255 motion. The Court need not consider whether the particular newly-discovered evidence claim Mr. Gregory seeks to raise satisfies the requirements of § 2255(h)(1) because "[t]he savings clause doesn't guarantee results, only process." *Prost*, 636 F.3d at 590; *see also Jameson v. Samuels*, – F. App'x –, No. 13-6237, 2014 WL 292620 at *3 (10th Cir. Jan. 28, 2014) (concluding that remedy provided in the sentencing court pursuant to § 2255 was not inadequate or ineffective for claims premised on newly discovered evidence even though the new evidence was insufficient to meet the stringent standard for filing a second or successive motion under § 2255(h)(1)). Thus, Mr. Gregory's first argument that the sentencing court lacked jurisdiction because the federal government never had custody of the 9mm handgun does not demonstrate that the remedy available pursuant to § 2255 is inadequate or ineffective.

Furthermore, Mr. Gregory's second argument that he is "actually innocent" lacks

5

merit because "[u]nder the *Prost* framework, a showing of actual innocence is irrelevant." *Abernathy v. Wandes*, 713 F.3d 538, 546 n.7 (10th Cir. 2013).  The Court, therefore, finds that Mr. Gregory fails to demonstrate the remedy available to him pursuant to § 2255 is inadequate or ineffective because he alleges he is "actually innocent."

Finally, in his response to the order to show cause and the motion for jurisdictional challenge, Mr. Gregory asks the Court to grant relief pursuant to a writ of *coram nobis*.  A writ of *coram nobis* is used to attack a judgment that was infirm at the time it was issued for reasons that later came to light.  While the 1946 amendment of Fed.R.Civ.P. 60(b) formally abolished the writ of *coram nobis* in civil cases, the Supreme Court held in *United States v. Morgan,* 346 U.S. 502 (1954), that the writ of *coram nobis* could still be pursued in criminal proceedings under the All Writs Act, 28 U.S.C. § 1651(a).  *See United States v. Torres,* 282 F.3d 1241, 1245 n. 6 (10th Cir. 2002).  "A petition for a writ of *coram nobis* provides a way to collaterally attack a criminal conviction for a person, ... who is no longer 'in custody' and therefore cannot seek habeas relief under 28 U.S.C. § 2255 or § 2241."  *Chaidez v. United States,* 133 S. Ct. 1103, 1106 n. 1 (2013).  Mr. Gregory currently is a prisoner in the custody of the Federal Bureau of Prisons for his conviction in the Northern District of Georgia. Therefore, Mr. Gregory may not challenge his conviction and sentence through a writ of *coram nobis*.

In summary, the Court finds that Mr. Gregory fails to demonstrate the remedy available in the sentencing court pursuant to § 2255 is inadequate or ineffective. Therefore, the Application must be dismissed for lack of statutory jurisdiction.  *See*

*Abernathy*, 713 F.3d at 557.  Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed for lack of statutory jurisdiction because Applicant fails to demonstrate that the remedy available to him in the sentencing court is inadequate or ineffective.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this  5th  day of   September  , 2014.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court