IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02267-LTB

JOHNNY BRETT GREGORY,

    Applicant,

v.

DEBORAH DENHAM, Warden,

    Respondent.

ORDER DENYING MOTION TO RECONSIDER

On September 5, 2014, Applicant, Johnny Brett Gregory, filed *pro se* "Ex Parte Injured Party's Motion for Reconsideration Pursuant to Fed. R. Civ. P. 59(e) to Senior Judge Lewis T. Babcock Order Dated August 29, 2014" (ECF No. 18) asking the Court to reconsider Judge Babcock's August 29 Order that overruled Mr. Gregory's objections to Magistrate Judge Boyd N. Boland's order to show cause.

The Court must construe the Motion liberally because Mr. Gregory is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the Motion to Reconsider is denied.

On August 29, 2014, Judge Babcock overruled Mr. Gregory's objections to Magistrate Judge's Boland order to show cause why the action should not be dismissed because he has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the sentencing court. (*See* ECF No. 12). On September 5, 2014, Judge Babcock

dismissed the action for lack of statutory jurisdiction because Mr. Gregory failed to demonstrate the remedy available in the sentencing court pursuant to § 2255 was inadequate or ineffective.

In the Motion, Mr. Gregory moves the Court pursuant to Fed. R. Civ. P. 59(e) for relief from the August 29 Order. (*See* ECF No. 18). Rule 59(e) concerns the filing of a motion to alter or amend a "judgement." *See* Fed. R. Civ. P. 59(e). In the instant case, judgement was entered on September 5, 2014, the same day Mr. Gregory filed his Motion for Reconsideration. Therefore, the Court will consider the Motion under the proper rule, Fed. R. Civ. P. 60(b). *See Marotta v. Cortez,* No. 08-cv-02421-CMA-CBS, 2010 WL 1258022 (D. Colo. Mar. 29, 2010 (citing *Broadway v. Norris,* 193 F.3d 987 (8th Cir.1999) (holding that a motion for "reconsideration" that is directed to a nonfinal order as opposed to a judgment, should be construed as a Rule 60(b) motion). Rule 60(b) allows a court to grant relief from an order for the following reasons:

   (1) mistake, inadvertence, surprise, or excusable neglect;

   (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

   (3) fraud ..., misrepresentation, or misconduct by an opposing party;

   (4) the judgment is void;

   (5) the judgment has been satisfied, released or discharged ...; or

   (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Accordingly, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *See Servants of the*

*Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000).  Moreover, "[r]elief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances."  *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.,* 909 F.2d 1437, 1440 (10th Cir. 1990).

In the instant case, Mr. Gregory's Motion does not satisfy any of these grounds for relief.  First, Mr. Gregory argues that Judge Babcock misconstrued his objections because Judge Babcock construed his "Ex Party [sic] Claim of Judicial Bias by Magistrate Judge Boyd N. Boland" as an objection to the order to show cause rather than as a separate claim for judicial bias.  In Mr. Gregory's "Ex Party [sic] Claim of Judicial Bias by Magistrate Judge Boyd N. Boland" and his Motion for Reconsideration, Mr. Gregory alleges that Magistrate Judge Boland was biased against Mr. Gregory because he is black.  He asserts that Magistrate Judge Boland treated him differently than white federal prisoners who had filed § 2241 applications because he ordered Mr. Gregory to show cause why his application should not be dismissed rather than issue an order directing respondent to file a preliminary response.  As set forth in Judge Babcock's August 29 Order, Magistrate Judge Boland's order to show cause was not clearly erroneous or contrary to law, and Mr. Gregory's allegations of judicial bias against Magistrate Judge Boland were without merit.  Mr. Gregory asserts that reconsideration is warranted because Magistrate Judge Boland "used the court as a racial tool to only fix the (white) federal inmate(s)" and that Judge Babcock's "misconstrued error to the Judicial Bias claim . . . into an 'objection' to the reference Judicial Bias Claim is work of mischief to harbor Magistrate Judge Boyd N. Boland's racial acts, which is an abuse to public confidence in this court."

First, "unsupported, irrational or highly tenuous speculation" concerning judicial bias cannot suffice to establish clear error or manifest injustice requiring reconsideration of the August 29 Order overruling Mr. Gregory's objections to Magistrate Judge Boland's order to show cause.  *Hinman v. Rogers,* 831 F.2d 937, 939 (10th Cir. 1987); *see also Servants of the Paraclete,* 204 F.3d at 1012.

Moreover, "[n]ormally, a party alleging judicial bias should move for recusal, and must do so in a timely fashion."  *United States v. Nickl,* 427 F.3d 1286, 1297 (10th Cir. 2005).  Here, Mr. Gregory did not move for recusal.

Finally, the law is clear that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  *Liteky v. United States,* 510 U.S. 540, 555 (1994).  Magistrate Judge Boland's order to show cause is no exception to this rule.  Thus, the Court finds there is no merit to Mr. Gregory's claim of judicial bias, and that the Motion to Reconsider does not satisfy any of the grounds for relief under Fed. R. Civ. P. 60(b).  Accordingly, it is

ORDERED that Mr. Gregory's "Ex Parte Injured Party's Motion for Reconsideration Pursuant to Fed. R. Civ. P. 59(e) to Senior Judge Lewis T. Babcock Order Dated August 29, 2014" (ECF No. 18) is denied.

DATED at Denver, Colorado, this  17th  day of   September  , 2014.

BY THE COURT:

   s/Lewis T. Babcock   
LEWIS T. BABCOCK, Senior Judge
United States District Court