IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02267-LTB

JOHNNY BRETT GREGORY,

    Applicant,

v.

DEBORAH DENHAM, Warden,

    Respondent.

ORDER DENYING MOTION TO RECONSIDER

    Applicant, Johnny Brett Gregory, has filed *pro se* on September 12, 2014, an "Ex Parte Injured Party's Motion for Reconsideration Pursuant to Fed. R. Civ. P. 59(e) to Senior Judge Lewis T. Babcock Order and Judgment for Dismissal Dated September 5, 2014" (ECF No. 22) asking the Court to reconsider and vacate the Order of Dismissal (ECF No. 16) and the Judgment (ECF No. 17) entered in this action. The Court must construe the motion to reconsider liberally because Mr. Gregory is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motion to reconsider will be denied.

    A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  The Court will consider the motion to reconsider pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the judgment in this action was entered.  *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence."  *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted).  Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously.  *See id*.

Mr. Gregory initiated this action by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the validity of his criminal conviction.  Mr. Gregory was convicted in the United States District Court for the Northern District of Georgia.  The Court denied the application and dismissed the action for lack of statutory jurisdiction because Mr. Gregory failed to demonstrate that the remedy available to him pursuant to 28 U.S.C. § 2255 in the sentencing court is inadequate or ineffective.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Gregory fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action.  Although, Mr. Gregory asserts that *Persaud v.*

*United States,* 134 S. Ct. 1023 (U.S. Jan. 27, 2014) is new controlling law that permits him to challenge his sentence pursuant to 28 U.S.C. § 2241, *Persaud* is not applicable to Mr. Gregory's case and is not controlling law.  In *Persuad,* the United States Supreme Court remanded the case to the United States Court of Appeals for the Fourth Circuit for further consideration to determine whether the petitioner may challenge the sentencing error under 28 U.S.C. § 2241 because 28 U.S.C. § 2255 was "inadequate or ineffective" to allow him to raise a claim that an intervening and retroactively applicable statutory-construction decision established that the district court erroneously imposed a mandatory minimum sentence of life imprisonment.  First, the Fourth Circuit's savings clause test is not controlling law in the Tenth Circuit.  Second, in his attempts to demonstrate that the remedy under § 2255 was inadequate or ineffective, Mr. Gregory does not argue that his claims are based upon an intervening and retroactively applicable statutory-construction decision establishing that his sentence was erroneous.  Rather, he argues that the sentencing court lacked jurisdiction because the federal government never had custody of the handgun that supported Mr. Gregory's conviction for possession of a firearm in furtherance of a drug trafficking offense.

Therefore, the Court finds that Mr. Gregory has not presented any new controlling law or evidence and the Court remains convinced that the action properly was dismissed for lack of statutory jurisdiction because Mr. Gregory fails to demonstrate the claims he asserts could not have been raised in an initial § 2255 motion.  *See Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011).  Therefore, the motion to reconsider will be denied.  Accordingly, it is

ORDERED that the "Ex Parte Injured Party's Motion for Reconsideration Pursuant to Fed. R. Civ. P. 59(e) to Senior Judge Lewis T. Babcock Order and Judgment for Dismissal Dated September 5, 2014"  (ECF No. 22) is DENIED.

DATED at Denver, Colorado, this  17th  day of     September     , 2014.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court