IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02267-LTB

JOHNNY BRETT GREGORY,

      Applicant,

v.

DEBORAH DENHAM, Warden,

      Respondent.

---

## ORDER DENYING MOTION TO SET ASIDE JUDGMENT

---

      Applicant, Johnny Brett Gregory, has filed *pro se* on May 27, 2015, a "Motion to Set Aside Habeus [sic] Proceedings Under Rule 60(D)(3) Due to Fraud Upon the Court" (ECF No. 33).  The Court must construe the motion liberally because Mr. Gregory is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons discussed below, the motion to set aside the habeas judgment for fraud upon the court will be denied.

      Mr. Gregory initiated this action on August 14, 2014 by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the validity of his criminal conviction. (ECF No. 1).  Mr. Gregory was convicted in the United States District Court for the Northern District of Georgia.  On September 9, 2014, the Court denied the application and dismissed the action for lack of statutory jurisdiction because Mr. Gregory failed to demonstrate that the remedy available to him pursuant to 28 U.S.C. § 2255 in the sentencing court was inadequate or ineffective. (ECF No. 16).  Mr.

Gregory filed two separate motions to reconsider (ECF Nos. 18 and 22), which were both denied by the court (ECF Nos. 26 and 27).  Mr. Gregory timely filed a Notice of Appeal. (ECF No. 23).  The Tenth Circuit construed Mr. Gregory's appeal as a request for a certificate of appealability, and denied it. (ECF No. 32).

Now, Mr. Gregory requests the court to use its inherent power and jurisdiction to grant relief due to fraud on the court.  Fed. R. Civ. P. 60 (d)(3) provides that Rule 60 does not limit the Court's power to "set aside a judgment for fraud on the court."  "Fraud on the court . . . is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements, or perjury." *Bulloch v. United States*, 763 F.2d 1115, 1121 (10th Cir. 1985). It is "fraud where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function — thus where the impartial functions of the court have been directly corrupted." *Id.*  "'Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will constitute a fraud on the court.'" *Weese v. Schukman*, 98 F.3d 542, 552-53 (10th Cir. 1996) (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978)).

In this case, Mr. Gregory alleges there was fraud on the court because of conflicting information as to the status of the gun that was at issue in the indictment. According to Mr. Gregory, first, law enforcement stated they destroyed the gun, then they stated that it was in the evidence room, and then again stated that they thought the gun was destroyed. (ECF No. 33 at 2).  Mr. Gregory asserts that such conflicting information regarding the evidence constitutes fraud on the court.  However, the

2

conflicting statements regarding the gun do not rise to the level of egregious misconduct required to constitute fraud on the court.  As the Tenth Circuit has noted fraud on the court should "embrace only that species of fraud which does or attempts to, subvert the integrity of the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the unusual manner its impartial task of adjudging cases that are presented for adjudication." *Weese*, 98 F.3d at 553 (citing 7 Moore's Federal Practice P 60.33 at 60-630).  For example, when a plaintiff and attorney fabricated a false purchase agreement and attached it to the complaint, the First Circuit concluded there was fraud on the court. *See Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118-19 (1ˢᵗ Cir. 1989).  Bribery of a judge or jury member would also constitute fraud on the court. *Weese*, 98 F.3d at 552-53.  In such cases, where an attorney, judge, or jury member is involved with misconduct, the fraud affects the integrity of the court.

In contrast, however, where there is simply conflicting information from law enforcement about whether evidence was destroyed or is still in an evidence storage facility, there are no implications that the integrity of the court has been subverted. Further, the status of the gun had absolutely no bearing on this Court's determination that Mr. Gregory failed to demonstrate the remedy available in the sentencing court pursuant to § 2255 was inadequate or ineffective.  Therefore, Mr. Gregory's allegations do not establish the existence of any fraud directed to the judicial machinery itself or that the impartial functions of the Court have been corrupted. As such, the motion to set aside the habeas judgment pursuant to Fed. R. Civ. P. 60(d)(3) will be denied. Accordingly, it is

ORDERED that Mr. Gregory's "Motion to Set Aside Habeus [sic] Proceedings Under Rule 60(d)(3) Due to Fraud Upon the Court" (ECF No. 33) is DENIED.

DATED at Denver, Colorado, this _5th_ day of ___June___, 2015.

BY THE COURT:

__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

4