IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02267-LTB

JOHNNY BRETT GREGORY,

    Applicant,

v.

DEBORAH DENHAM, Warden,

    Respondent.

___

ORDER DENYING MOTION TO RECONSIDER

___

Applicant, Johnny Brett Gregory, has filed *pro se* on June 16, 2015, a motion titled "Third Claim Pursuant to 11 U.S.C. § 362(A)." (ECF No. 35). The Court must construe the motion liberally because Mr. Gregory is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). In his motion, Applicant argues that "[t]he order of June 5, 2015 by Lewis T. Babcock ought not in equity and good conscience be enforced when the court was without jurisdiction to enter the order that is in violation of the bankruptcy court's automatic stay." (ECF No. 35 at 3). Therefore, the Court will construe Applicant's motion as a motion for reconsideration of the Court's June 5, 2015 Order denying his "Motion to set Aside Habeus [sic] Proceedings Under Rule 60(d)(3) Due to Fraud Upon the Court." (ECF No. 34). For the reasons discussed below, the motion to reconsider will be denied.

Mr. Gregory initiated this action on August 14, 2014 by filing *pro se* an application

for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the validity of his criminal conviction. (ECF No. 1).  Mr. Gregory was convicted in the United States District Court for the Northern District of Georgia.  On September 9, 2014, the Court denied the application and dismissed the action for lack of statutory jurisdiction because Mr. Gregory failed to demonstrate that the remedy available to him pursuant to 28 U.S.C. § 2255 in the sentencing court was inadequate or ineffective. (ECF No. 16).  Mr. Gregory filed two separate motions to reconsider (ECF Nos. 18 and 22), which were both denied by the court (ECF Nos. 26 and 27).  Mr. Gregory timely filed a Notice of Appeal. (ECF No. 23).  The Tenth Circuit construed Mr. Gregory's appeal as a request for a certificate of appealability, and denied it. (ECF No. 32).   Mr. Gregory then filed a motion requesting the court to use its inherent power and jurisdiction to grant relief due to fraud on the court, which the court denied on June 5, 2015. (ECF No. 35).

In Mr. Gregory's current motion to reconsider, he argues that he filed a Chapter 11, Involuntary Bankruptcy Petition on May 1, 2015 and that the Court's June 5, 2015 Order violated the automatic stay under 11 U.S.C. § 362(a). (ECF No. 36).  The Court notes that Mr. Gregory has filed this exact same motion in his Northern District of Georgia Bankruptcy Court case. *See Gregory v. Adams*, 15-00401-MGD (N.D. Ga.), ECF No. 24.

Section 362(a) of the bankruptcy code imposes a stay of any action to collect a debt after the petition in bankruptcy is filed. *See* 11 U.S.C. § 362(a).  Specifically, the relevant portion of § 362 states that a bankruptcy petition operates as a stay, applicable to all entities of:

> (1) the commencement or continuation, including the

> issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title . . . .

11 U.S.C. § 362(a)(1).

The instant habeas action is completely separate from any bankruptcy proceedings. Mr. Gregory himself initiated the habeas action in order to challenge his criminal conviction. It was not a judicial proceeding "against" Mr. Gregory. Further, the case was initiated on August 14, 2014 and dismissed on September 5, 2014, well before the bankruptcy stay. (ECF No. 1, 16). All the subsequent actions in the case have revolved around Mr. Gregory attempting to persuade the court to reopen the case. The Court has declined to do so.

The bankruptcy stay has no bearing on the habeas action. As such, the Court's June 5, 2015 did not violate § 362.

Therefore, the motion to reconsider will be denied. Accordingly, it is

**ORDERED** that Plaintiff's Motion titled "Third Claim Pursuant to 11 U.S.C. § 362(A)," construed as a motion to reconsider, (ECF No. 35) is **DENIED**.

DATED at Denver, Colorado, this  24th  day of   June  , 2015.

BY THE COURT:

 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court